# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Ozoema Obuakonwa Onuigbo,** | * |
| Plaintiff, | * |
| v. | * |
| | * Civil No. **22-0071 PJM** |
| **Washington Metropolitan Transit Authority,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

*Pro se* Plaintiff Ozoema Obuakonwa Onuigbo has filed a handwritten Complaint (ECF No. 1) naming the Washington Metropolitan Area Transit Authority ("WMATA") as the sole Defendant. Onuigbo brings suit under Title VII of the Civil Rights Act of 1974, 42 U.S.C. § 2000e and the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 ("ERISA"). Onuigbo alleges he has been discriminated against because of his national origin, which is Nigerian. WMATA has filed a Motion to Dismiss.

Onuigbo states he was first hired by WMATA in October 2005. After almost 15 years, he left the employ of WMATA to focus on his food truck business. However, after just four months, as a result of the pandemic and the disruption it caused to this business, Onuigbo decided to return to WMATA. In June 2020, he was rehired pursuant to his Union's Collective Bargaining Agreement with WMATA. Despite his long career at WMATA, on his return Onuigbo was treated like a new hire and underwent three months of new employee training.

Onuigbo did not stay at WMATA for long. In February 2021, he was apparently terminated for violating WMATA's employee code of ethics, specifically Section 5.07(a) for using Metro services for personal gain and section 5.08(a) for engaging in prohibited financial transactions

between employees. Onuigbo says that in 2016 he received a disciplinary letter from Metro referring to these purported violations. He claims that the activities that underlay these charges occurred between 2015-2019, long before his rehiring.

He also claims he received a letter regarding his supposedly inappropriate activities after he rebuffed a superior named "Jell Bell" who was seeking special favors, suggesting that the letter was sent in retaliation for Onuigbo ending an arrangement whereby Onuigbo's wife and daughter were teaching Bell's daughter how to sew.

Onuigbo claims that other Metro employees were also engaged in activities using Metro services for personal gain. He specifically alleges that an American-born WMATA employee named Corey Gaskins was selling uniforms with the Metro logo on them on Metro property.

Finally, Onuigbo claims that in 2019 he was investigated by the State of Maryland for his lending activities during his first term of employment, was charged with a violation of WMATA policy, and was made to pay a fine and restitution. Onuigbo claims that WMATA was fully aware of the investigation of these violations, but did not terminate his employment at the time. He says when he departed WMATA in February 2020, it was of his own accord.

In sum, since Onuigbo believes his termination in 2021 was based on his actions before he was rehired, he views it as an unlawful employment action, as well as unlawful retaliation.

In its Motion to Dismiss, WMATA provides no meaningful detail about the nature of Onuigbo's employment at WMATA, whether and how he may have violated WMATA policy, the reasons for his termination, or any other factual response to Onuigbo's account. But to date, Onuigbo has not responded to the Motion months after the time for response has run.

**I.**

The procedural rules that guide district courts require plaintiffs to set forth factual allegations that make their claims plausible. A motion to dismiss the complaint will be granted where the complaint's allegations do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's complaint must present enough facts to substantiate its assertions. The rules do not allow a plaintiff to state, without foundation, that he believes he is entitled to some relief.

It is not enough for a plaintiff to assert a legal conclusion without more; these conclusions "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although *pro se* litigants are entitled to special solicitude and courts are to construe complaints by an unrepresented party "liberally," this requirement "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Where no actionable claim is asserted, a complaint should be dismissed.

## II.

Onuigbo asserts he was unlawfully terminated because of his national origin, then retaliated against and denied ERISA benefits to which he is entitled.

The glaring omission in the Complaint, however, is that, whatever may have been the reason or reasons for Onuigbo's termination, he has in no way indicated anything that ties his termination to the fact that he is of Nigerian origin. To establish a prima facie case of discrimination based on national origin, the plaintiff must allege that; (1) he is a member of a protected group; (2) he performed satisfactorily; (3) he suffered an adverse employment action; and (4) other similarly situated employees outside his protected class were treated more favorably.

3

*McCain v. Waste Mgmt., Inc.*, 115 F. Supp. 2d 568, 573 (D. Md. 2000); see also *Carter v. Ball*, 33 F.3d 450, 458–59 (4th Cir. 1994). To prove a prima facie case of retaliation under Title VII, Onuigbo must show: "(1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the employment action." *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004).

Onuigbo claims his Nigerian national origin is the basis of his discrimination claim, but that is all he says. Again, he does not put forth any facts that indicate that he was discriminated against or fired as a result of his national origin. Nor does his Complaint allege the details necessary to support that his job performance was satisfactory. Instead, he refers to his former violations of WMATA policy which, in fact, tend to create the opposite impression i.e., that he was not a satisfactory employee. While Onuigbo claims that the violations leading to his termination in 2021 occurred before he was rehired in June 2020, he provides no details about the quality of his job performance or clean record between the time of his rehiring and his adverse employment action, his termination on February 5, 2021.

Further undermining his discrimination claim, Onuigbo provides no information about the treatment of similarly situated employees. While he claims that a purportedly American-born employee, Corey Gaskins, also "used metro services for personal gain" (ECF No. 1), Onuigbo provides no detail as to Gaskin's job at WMATA, or what he is supposed to have done that tends to show that he and Gaskins were similarly situated, nor does Onuigbo provide details on Gaskin's treatment after he allegedly violated WMATA policy.

Finally, Onuigbo does not allege that any of his activities could be considered protected under Title VII's definition of retaliation. What was his protected activity? How was he retaliated against? What was the causal connection? Unfortunately, the cupboard is bare.

In support of his claim that he is entitled to benefits under ERISA, Onuigbo merely states that the length of his previous term of employment with WMATA should guarantee him full benefits. However, employee benefit plans established and maintained for employees of a state agency are specifically excluded from coverage under ERISA. 29 U.S.C. § 1003. Retirement plans issued by WMATA are exactly this type of plan such that multiple courts have found them to be exempt from ERISA. *See Canady v. WMATA*, 909 F. Supp. 324, 327 (D. Md. 1995); *Akins v. WMATA*, 729 F. Supp. 903, 905 n. 1 (D.D.C.1990).

Given leave to amend his complaint, Onuigbo may or may not be able to address the multiple deficiencies just discussed.

## CONCLUSION

That said, Defendant's Motion to Dismiss, ECF No. 7, is **GRANTED WITHOUT PREJUDICE**. Onuigbo shall have 30 days to file an amended complaint addressing the concerns raised in this Opinion. WMATA may oppose and Onuigbo may reply to the Amended Complaint within the timelines established by the Federal Rules of Civil Procedure.

A separate Order will **ISSUE**.

**Date: September 22, 2022**

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE